The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar and the material submitted to the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except with the modification of the attorney's fee sanction issue.
******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provision of the North Carolina Workers' Compensation Act at all relevant times.
2. The defendant was a duly qualified self-insured, with Carolina Risk Management as the servicing agent.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The plaintiff sustained an admittedly compensable injury on May 14, 1995, when she slipped and fell. The defendant filed an I.C. Form 63 in this matter on June 29, 1995. As a result of the injury, the plaintiff was paid temporary total disability compensation at the rate of $79.17 per week for the period from May 14, 1995 through June 20, 1995.
6. The issues for determination are:
 a. Whether the defendant should be sanctioned for stopping compensation without approval of the Commission;
 b. Whether the plaintiff is entitled to additional medical treatment as a result of the compensable injury;
 c. Whether the plaintiff's current psychological and physical condition is causally related to the compensable injury; and
 d. Whether the plaintiff is entitled to any additional compensation as a result of the compensable injury.
7. The parties stipulated medical reports of Catawba Memorial Hospital, Dr. Allen Smith, a private investigation report, and two videotapes into the record.
******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the admittedly compensable injury, the plaintiff was a forty year old female, who was employed as a waitress. The plaintiff worked thirty-three hours per week, for which she was paid $4.50 per hour, plus $200.00 per week in tips. She also worked part-time at the Omelet Shop.
2. On May 14, 1995, the plaintiff slipped on a slick spot on the floor and fell, striking her head on a steel cabinet. The plaintiff developed a lump on her right forehead, and she was permitted to leave work early due to complaints of nausea and dizziness.
3. On May 16, 1995, the plaintiff was seen at the emergency room of Catawba Memorial Hospital where she was diagnosed with a contusion to the head. She returned to the emergency room on or about May 18, 1995, at which time it was noted that her bruising had spread around both eyes, in a condition called ecchymosis. The plaintiff was diagnosed at that time with concussion and a post-concussion headache. She was referred to Dr. Sims for follow-up care.
4. The plaintiff was seen by neurologist Dr. William Sims on May 24, 1995, during which her neurological, motor and reflex testing was all within normal. Dr. Sims referred the plaintiff to Dr. Gary Indenbaum for neuropsychological testing, but authorized her to return to work on May 25, 1995.
5. On May 29, 1995, Dr. Indenbaum evaluated the plaintiff and opined that her symptoms were consistent with a mild closed head injury. Additional testing was recommended. However, the defendant refused to provide this testing.
6. The plaintiff was referred by defendant to Dr. Raymond Sweet, a neurosurgeon, on or about June 19, 1995. Following testing and an examination, Dr. Sweet found plaintiff's symptoms to be consistent with depression and not of mild concussion syndrome. The plaintiff was authorized to return to work with restrictions of no climbing and no heavy work.
7. The defendant paid the plaintiff temporary total disability compensation without prejudice, pursuant to the I.C. Form 63, which was filed in the case on June 29, 1995.
8. The plaintiff failed to return to work on May 25, 1995.
9. The plaintiff was seen at the Frye Work Place from January 5, 1996 through February 19, 1996, which was sponsored through N.C. Vocational Rehabilitation. Upon plaintiff's discharge from the program, Dr. Allen Smith noted the plaintiff had no evidence of neurological impairment, and that she had voluntarily departed the program prior to formalizing a discharge plan. It was noted that the plaintiff's personality change and symptoms could have been related to the fall on May 14, 1995.
10. On May 24, 1996, the defendant authorized the neuropsychological testing, which was performed by Dr. Jerry Noble, a clinical psychologist. The testing revealed that the plaintiff suffered from a long-standing maladaptive personality function, chronic propensity for functional somatic disorders and an anxiety disorder. Dr. Noble opined that the plaintiff's symptoms were likely caused, in part, by the concussion following the fall on May 14, 1995.
11. Dr. Indenbaum opined that the plaintiff's work-related injury caused or aggravated a mild closed head injury with some personality change and depression.
12. The plaintiff has not yet reached maximum medical improvement, and would benefit from additional medical treatment, including treatment for neck, back, chronic pain syndrome, headaches, and an aggravation of her pre-existing, non-disabling psychological problems which are causally related to the closed head injury which she sustained in the fall on May 14, 1995.
13. The plaintiff is pursuing enrollment in a sheltered workshop program, with the assistance on Michael Kanai, a counselor with N.C. Vocational Rehabilitation.
14. Defendant filed a Form 33R with the Industrial Commission within 90 days of the Form 63. Defendant timely contested the compensability of the claim.
******************
Based on the findings of fact and conclusions of law, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff sustained an injury by accident arising out of and in the course of the employment on May 14, 1995. N.C. GEN. STAT. § 97-2(6).
2. The plaintiff's average weekly wage was $348.50, which yields a compensation rate of $232.34. N.C. GEN. STAT. § 97-2(5).
3. As a result of the compensable injury, the plaintiff is entitled to temporary total disability compensation at the rate of $232.34 per week for the period from May 14, 1995 and continuing until further orders by the Commission. N.C. GEN. STAT. § 97-29. The defendant is entitled to a credit for the compensation paid pursuant to the Form 63.
4. The plaintiff is entitled to have the defendant pay for medical expenses incurred or to be incurred as a result of the compensable injury as may be required to provide relief, effect a cure or lessen her period of disability. N.C. GEN. STAT. § 97-2(19).
5. Defendant was not in violation of N.C. Gen. Stat. 97-18
(d), and plaintiff is therefore not entitled to an attorney's fee sanction from defendant.
******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Subject to a reasonable attorney's fee herein approved, the defendant shall pay temporary total disability compensation to the plaintiff at the rate of $232.34 per week for the period from May 14, 1995 and continuing until further order by the Commission. As much of said compensation as has accrued shall be paid in a lump sum. The defendant is entitled to a credit for the compensation paid pursuant to the Form 63.
2. A reasonable attorney's fee of twenty-five percent of the compensation awarded to plaintiff in paragraph 1 above is hereby approved to be paid directly to counsel by the defendant.
3. Defendant shall pay the costs of this appeal.
This is the _____ day of August, 1997.
 S/ ___________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ___________________________ JOHN A. HEDRICK DEPUTY COMMISSIONER
S/ ___________________________ THERESA B. STEPHENSON DEPUTY COMMISSIONER